**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

**YVONNE SANTILLANES-MONTANO**,
on behalf of her daughter, A.U., a minor child,

       Plaintiff/Appellant,

       v.                                     No. CIV 07-0522 and 07-0529 BB/DJS
                                                    (consolidated cases)

**WEST LAS VEGAS SCHOOL DISTRICT,
STEVE SANDOVAL**, and **KATHY LUCERO**,

       Defendants/Appellants.

**MEMORANDUM OPINION AND ORDER**

       This case consists of two consolidated actions. One of the cases was filed by Plaintiff and consists of a petition for review of an administrative decision as well as a lawsuit for damages arising out of alleged violations of several federal statutes. The other case was filed by Defendant West Las Vegas School District ("School") and is an appeal of the same administrative decision. This opinion addresses the pending motions filed by both parties that are relevant to the administrative-appeal portion of the case. The motions disposed of in this opinion include Plaintiff's motion for judgment on the administrative record (Doc. 98); a motion by Plaintiff requesting consideration of additional evidence (Doc. 97); and a motion by the School similarly requesting consideration of additional evidence (Doc. 114).

       **Procedural History and Standard of Review**

       Plaintiff's daughter was eligible to receive special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* Plaintiff

initiated administrative proceedings in the form of a due process hearing because, according to Plaintiff, the services provided to her daughter were inadequate. Pursuant to Section 1415(f) of the IDEA, the hearing was held and a decision issued that was generally favorable to Plaintiff.

This case, as is typical, then proceeded on two parallel tracks, consisting of administrative appeals by both parties under Section 1415(i)(2) of the IDEA as well as Plaintiff's complaint for damages. The merits of these claims overlap at various points but one track is essentially an administrative appeal to be resolved by the Court, while the other proceeds on the typical trial track and is scheduled for a bench trial. With respect to the IDEA administrative appeals, the Tenth Circuit has noted that Congress "has set out rather unique rules governing the review of liability in IDEA claims." *Garcia v. Bd. of Educ. of Albuquerque Pub. Schs.*, 520 F.3d 1116, 1125 (10th Cir. 2008). The district court is required to review the record of the administrative proceeding, but also under certain circumstances must "hear additional evidence at the request of a party" and make a decision based on the preponderance of the evidence. *Id.* The district court's review is called a *de novo* review, even though the court must give "due weight" to the administrative proceedings, and especially to facts found during those proceedings. *Id.*

### Motion for Judgment on the Administrative Record

On June 16, 2008, Plaintiff filed a motion for judgment on the administrative record. This motion reviewed the evidence presented at the administrative hearing and argued that the Court should reverse the portions of the administrative decision that are not favorable to Plaintiff. In response, the School initially attacked the procedure Plaintiff employed by filing a motion rather than having the Court establish a briefing schedule. The School then proceeded to address the merits of Plaintiff's appeal. Plaintiff

2

answered this response by arguing that a motion for judgment on the administrative record is the appropriate means of presenting a party's position to the court. Plaintiff also argued in effect that such a motion is the only means of pursuing such an appeal, and that the School has waived its own administrative appeal by failing to file either its own motion for judgment on the administrative record, or an appellate brief, prior to the deadline established by the Court for filing dispositive motions.[1]

The procedural question before the Court, therefore, is whether a motion for judgment on the administrative record must be filed in order to trigger the Court's review of the administrative appeal. A secondary question is whether, even if such a motion is not necessary, the parties must file their briefs concerning their administrative appeals before the deadline for filing dispositive motions. In the Court's view, the answer to both questions is in the negative; that is, a motion for judgment on the administrative record is not a necessary prerequisite to consideration of a party's administrative appeal, and briefs concerning such appeals are not the equivalent of a dispositive motion and therefore need not be filed by the deadline for such motions.

Plaintiff argues that the Tenth Circuit has specifically approved the motion-for-judgment-on-the-administrative-record process, in a case entitled *L.B. ex rel. K.B. v. Nebo School District*, 379 F.3d 966 (10th Cir. 2004). It is true that the Tenth Circuit in that case stated that the district court's judgment, rather than being a "summary judgment," was actually a judgment on the administrative agency's record. 379 F.3d at

---

[1] The parties continued this procedural argument in the pretrial order, with Plaintiff contending the School "has waived their right to proceed with its appeal by failing to file any dispositive motion, or other form of appeal brief, by the deadline for filing such motions." [Doc. 145, p. 40] The School, on the other hand, requested that the Court establish a fair briefing schedule concerning the issues on appeal. [*Id.* p. 41]

3

974.  However, the Court also pointed out that the district court conducted a bench trial on the administrative record, which is a different procedure than the motion procedure envisioned by Plaintiff.  At minimum, there is no indication that the Tenth Circuit would require district courts to conduct the required review by means of motion practice.

The Court's preference in cases such as this is not to proceed by motion, but to allow each party to file briefs concerning the issues they wish to bring to the Court's attention.  Furthermore, such briefs should not be considered "dispositive motions" subject to the time deadlines established for filing such motions.  They are not motions at all; instead, they are akin to trial briefs and should be filed at a time that fits the Court's convenience.  In this case, there is a trial scheduled in June on Plaintiff's damages lawsuit brought under statutes other than IDEA.  It will be more efficient for the Court if the review of the administrative decision and the damages lawsuit are conducted in the same general time frame.  Therefore, the Court establishes the following briefing schedule for the parties' administrative appeals:  (1) each party shall file its brief in chief concerning its own appeal within thirty (30) days of the date of this opinion; and (2) each party shall file a response to the other party's brief in chief within twenty (20) days of the date the respective brief in chief is filed.[2]

Pursuant to the foregoing, the motion for judgment on the administrative record will for the present be denied.

---

[2] Plaintiff is free to consider her motion for judgment on the administrative record as her brief in chief, and to file a short supplement to that pleading if she wishes.  Similarly, the School is free to consider its response brief to the motion as the response brief authorized by this briefing schedule, and to supplement it as is deemed necessary.

**Motions Requesting Consideration of Additional Evidence**

Pursuant to the mixed standard of review set out above, both parties have asked the Court to "hear additional evidence" in the administrative appeals by filing motions designating such evidence for the Court to consider.  The relevant IDEA provision, by stating the Court must "hear additional evidence at the request of a party," at first blush appears to be an open-ended invitation to the parties to submit whatever additional evidence they would like (subject of course to the Federal Rules of Evidence).  This is not how courts have interpreted the provision, however.  In order to ensure that review of an IDEA case does not become completely *de novo*, courts have severely restricted the circumstances under which additional evidence may be considered by the district court.  *See L.B. ex rel. K.B., supra*, 379 F.3d at 974 (additional evidence received by the district court must be "merely supplemental to the administrative record."); *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 455 F.Supp.2d 1286, 1302 (D.N.M. 2006).

Reasons for allowing additional evidence to be submitted include gaps in the administrative record due to mechanical failure, unavailability of a witness, improper exclusion of evidence by the administrative agency, or the existence of evidence concerning relevant events occurring subsequent to the administrative hearing.  *Miller*.  Witnesses who testified during the administrative proceedings will not be allowed to repeat or embellish their testimony at the district court level, and in fact there is a rebuttable presumption against allowing them to testify at all.  *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993); *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790-91 (1st Cir. 1984).  The district court must also keep in mind the unfairness of allowing one party to reserve its best evidence for the judicial-review stage.  *Ojai; see also Miller*, 455 F.Supp. at 1302.  In sum, a reading of the case law indicates

that the party asking to present additional evidence must have a good reason to do so, and cannot be simply attempting to make up for shortcomings in their litigation of the administrative proceedings.

Plaintiff seeks to supplement the administrative record with the following additional evidence: (1) school health records that were not produced by the School until after the administrative hearing; (2) a psychological evaluation report obtained by the School after the administrative decision was issued; and (3) a portion of a deposition given by Defendant Lucero after the administrative decision was issued, and a document referenced in that deposition that allegedly contradicts a document submitted by the School during the administrative proceedings.  The School asks to supplement the administrative record with one item: the cover of a folder that contained certain records pertaining to Plaintiff's daughter.  The Court addresses each of these items separately.

The School does not object to consideration of the school health records that were not timely disclosed to Plaintiff.  This is an appropriate concession, and the Court will grant the request to supplement the record with these materials.

The psychological report is problematic, as the School points out, because the evaluation was not conducted until after the administrative hearing and the report was obviously not prepared until after that time.  Although such after-acquired evidence is often considered in IDEA cases, the evidence usually consists of updates concerning the student's educational progress, to allow the court to determine how well or how poorly the current educational plan is working and therefore whether it should be continued. *See, e.g., Murray v. Montrose County School Dist. RE-1J*, 51 F.3d 921, 931 (10th Cir. 1995).  Other cases allow such evidence if circumstances have changed significantly since the administrative hearing.  *See Ojai*, *supra*, 4 F.3d at 1473 (a year had passed since

administrative decision, and student was now eligible for middle-school placement). Plaintiff, on the other hand, wishes to use the after-acquired evidence in a retrospective manner, to prove the due process hearing officer ("DPHO") erred in deciding the School's failure to take certain actions, during a specified period in the past, had not deprived Plaintiff's daughter of her rights under the IDEA. A final problem is that, for the purposes Plaintiff wishes to use it for, the report is not overly helpful, as it speaks in broad generalities. However, the Court has not yet reviewed the administrative record and has not analyzed the DPHO's decision in detail, and there is some possibility this report could shed some light on that decision. The Court will therefore allow the record to be supplemented with the report and will consider it for what it is worth.

      The deposition excerpt and document allegedly contradicting the evidence provided by the School at the hearing appear to be clearly relevant to the administrative appeal. A party cannot present one version of events at the hearing and then another version subsequently, and expect that the subsequent version will be ignored by a court. The Court, after all, is not completely constrained by the administrative decision but must merely give it great weight. The Court notes the School has provided an explanation for the differing versions, and that explanation will be taken into account when the Court reviews the record. However, that explanation is not sufficient to prevent the material from being added to the administrative record.

      As to the evidence the School wishes to add, the most obvious problem with it is that it appears to have been at all times in the control of a School employee. The ability to supplement an administrative record is not to be used to allow a party to clean up mistakes it made during the administrative process, such as simply neglecting to present

7

evidence to the DPHO that is in the party's possession.[3]  Furthermore, the notations on the folder appear to be cumulative of testimony provided by the School at the hearing. However, the Court has agreed to allow Plaintiff to supplement the record with evidence that might not meet the requisite standard.  In fairness, therefore, the Court will also consider this piece of evidence to the extent it may bear on any issues in this case.[4]

**Conclusion**

Based on the foregoing, the motion for judgment on the administrative record will be denied, and both parties' motions to supplement the administrative record will be granted.  In addition, the briefing schedule outlined above will be established with respect to both parties' administrative appeals.

**ORDER**

Based on the foregoing memorandum opinion, it is ORDERED that Plaintiff's motion for judgment on the administrative record  (Doc. 98) be, and hereby is, DENIED. It is also ORDERED that both parties' motions requesting consideration of additional evidence (Docs. 97, 114) be, and hereby are, GRANTED.  It is finally ORDERED that the parties shall file briefs supporting their administrative appeals within the time frame set out in the memorandum opinion.

---

[3]For the record, the Court notes that current counsel for the School was not counsel for the School during the administrative hearing, and mistakes made during that process are not attributable to current counsel.

[4]The Court notes Plaintiff's argument that the evidence does not appear directly relevant to the narrow issue raised by the School in its appeal.  After a full review of the administrative record the Court may agree with Plaintiff, although it is possible the evidence may be relevant to Plaintiff's appeal even if it is not relevant to the School's. At this preliminary stage of the proceedings, however, the Court need not decide the relevancy question and will simply consider the evidence for what it may be worth.

8

Dated this 30th day of March, 2008.

_____
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**