UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**YVONNE SANTILLANES-MONTANO**
**on behalf of herself and her daughter, A.U., a minor child,**

    **Plaintiffs,**

**vs.**　　　　　　　　　　　　　　　　　　　No.　　07-CV-0522 BB/DJS and 07-0529
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(consolidated)

**WEST LAS VEGAS SCHOOL DISTRICT,** *et al.*

    **Defendants.**

## RECOMMENDATION

**THIS MATTER** comes before this Court upon the parties' Joint Motion to Approve Settlement (Docket No. 155) and the Order (Docket No. 156) of the Hon. Bruce D. Black referring the matter to the undersigned for a recommendation as to the ultimate disposition of the motion. . The Court heard presentations by Plaintiffs' counsel, Defendants' counsel, and the minor plaintiff's Guardian *Ad Litem*, Scott Atkinson, Esq..

This action is a suit pursuant to the Individuals with Disabilities Act, the Rehabilitation Act, and for civil rights damages under the Equal Protection Clause. Plaintiff contends that A.U., her daughter, was denied educational services according to her individualized education and health plan. Plaintiff also asserts that she and her daughter were retaliated against for complaining of the actions of the West Las Vegas Schools, including reporting A.U. as truant when she was out sick and reporting the family to CYFD for educational and medical neglect. Defendants deny they

1

discriminated against Plaintiff and assert that despite being a teacher herself she repeatedly allowed A.U. to miss school and provided no consistent rationale for the large number of absences. After extensive litigation, the parties reached a settlement for the proposed amount of $134,000.00. Following the settlement, the parties sought appointment of the Guardian *Ad Litem* and approval of the settlement. Pursuant to this Court's Order (Docket No. 160) setting a hearing on the settlement, the Guardian *Ad Litem* filed his Report (Docket No. 161) regarding his investigation of the settlement, the needs of the minor child, and the disposition of the funds.

The settlement resolves all claims by Plaintiff Yvonne Santillanes-Montano and by her minor daughter. The Court finds that the amount of the settlement is reasonable given the respective legal positions of the parties and the likely amount of recovery. Significant to this finding is the fact that A.U. has graduated from high school, thereby cutting off ongoing damages for many of the claims asserted.

As consideration for Plaintiff Santillanes-Montano's claims the attorney's fees and costs incurred by Diane Garrity, Esq., in litigating those claims would be paid. Ms. Garrity reduced her fees and the total of litigation fees and costs going to Plaintiff Santillanes-Montano's settlement would be $7,037.44. In addition, Plaintiff Santillanes-Montano received non-monetary relief in the form of an agreement with respect to documents in her personnel file.

The remainder of the settlement monies ($126,962.56) would go to attorney's fees and costs incurred in pursuing the administrative action seeking revision to A.U.'s individualized education and health plans and in litigating the instant lawsuit, with the exception of $25,000, which would be placed in a pooled trust (the Association of Retarded Citizens of New Mexico Special Needs Pooled Trust) which would distribute the funds as needed for A.U.'s health, education, and welfare. The trust would be irrevocable and would make distributions at the trustee's discretion in such a

manner that the distributions would not jeopardize A.U.'s eligibility for any benefits. In addition, one and one-half or two percent of the amount deposited in the trust would be used for the trust's administrative costs.

The Court finds that the placement of the monies in the ARC Trust is consistent with the needs of A.U., who has graduated from high school and has plans to attend college. With respect to the distribution of the proceeds of the settlement wherein the litigant receives only twenty percent of the monies obtained, the Court finds that the distribution is still in the best interests of the child. This finding is premised upon the fees and costs incurred in the administrative portion of the case, which total some $30,018.75 (reduced from $45,518.11). Those attorney's fees and costs resulted in changes to A.U.'s education and health plan which, based upon the investigation of the Guardian ad Litem, contributed significantly to A.U.'s successful completion of high school.

The remainder of the attorneys fees and costs are $71,943.81 (reduced from $94,695.12) incurred by counsel Nancy Simmons and Debra Poulin, each billing at the rate of $225/hour, in pursuit of the federal case. The Court finds that counsel's hourly rate is reasonable in this case given each of these attorneys' experience and expertise as well as the prevailing rates in this area. Further, after reviewing the attorneys' detailed time records the Court finds that the amount of time spent on this litigation and the costs incurred were reasonable. Further, the Court agrees with Plaintiff's counsels' representations that equitable relief stood at the heart of the case as it pertained to A.U.. Based upon her graduation from high school and the changes in her educational and health plan, that relief was obtained to a significant degree. Accordingly, the Court recommends that the settlement and distribution of that settlement be approved.

**IT IS THEREFORE RECOMMENDED** that the Court approve the terms of the settlement and enter an order approving the Motion (Docket No. 155) and dismissing this action.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**